# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHASE STAFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:13-cv-00348-LJO-SKO<br><br>**SCREENING ORDER AUTHORIZING SERVICE OF COMPLAINT ON DEFENDANTS RODRIGUEZ AND SOLIS AND  FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**<br><br>(Docket No. 1) |

## I.    INTRODUCTION

On March 11, 2013, Plaintiff Michael Chase Stafford ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 against Defendants entitled State of California ("California"), City of Merced County ("Merced"), Police Officer Detective Rodriguez ("Rodriguez") and Police Officer Detective Solis ("Solis," collectively "Defendants").  For the reasons set forth below, it is ORDERED that that this action proceed on Plaintiff's claims against Defendants Solis and Rodriguez, and that the Defendants California and Merced be stricken from the docket because Plaintiff did not intend to bring claims against them.

## II.    BACKGROUND

Plaintiff alleges that on April 23, 2012, he was approached by two Merced Police Detectives while entering his personal vehicle after a verbal argument with his ex-girlfriend.

(Doc. 1, p. 3)[1] Plaintiff contends that he co-owned the vehicle with his ex-girlfriend, and after he left she reported an alleged carjacking. (Doc. 1, p. 3.) Defendants Solis and Rodriguez attempted to "apprehend" Plaintiff, but he "evaded" them, driving at a rate of 40 to 60 miles per hour until he lost control of his vehicle and crashed head-on into a Merced City Bus. (Doc. 1, p. 3.) Plaintiff alleges that he was "knocked . . . unconscious" during the accident and that his vehicle was disabled. (Doc. 1, p. 3.)

According to Plaintiff, Defendants Solis and Rodriguez claimed that after the accident, Plaintiff put his disabled car into reverse and attempted to run over Solis and Rodriguez. (Doc. 1, p. 3.) Plaintiff asserts that he "never put [the car] in reverse to try to hit [the] officers after the wreck." (Doc. 1, p. 4.) Plaintiff further alleges that his car was "non-functional" and no weapons were found in the car. (Doc. 1, p. 4.) Plaintiff contends that Defendants Solis and Rodriguez used "excessive force" and fired over ten shots; Plaintiff was "struck by bullets" in his head and back that pierced his right lung and arm. (Doc. 1, p. 4.)

Plaintiff alleges that during his criminal proceedings, the charge of great bodily injury on a police officer was dropped and thus there is no reason for him to have been "shot and almost killed." (Doc. 1, p. 4.) Plaintiff contends that the charge was dropped to "cover up excessive force." (Doc. 1, p. 4.)

### III.   DISCUSSION

**A.   Screening Requirement**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

**B.     Legal Standard for Screening**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.     Plaintiff's Section 1983 Claim For Excessive Force is Cognizable**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court construes Plaintiff's complaint as alleging a cause of action for excessive force. Allegations of excessive force during an arrest are analyzed under a Fourth Amendment standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989) (finding that "claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' . . . are properly analyzed under the Fourth Amendment's 'objective reasonableness standard"); *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) (finding that "the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

///

Here, Plaintiff asserts that he did not use his disabled vehicle as a weapon, but Detectives Solis and Rodriguez shot him with "excessive force" for no reason. (Doc. 1, p. 4.) Plaintiff's allegations that the Defendant police officers shot Plaintiff during the course of his arrest, causing serious injury to his head and back, are sufficient to state a cognizable claim of excessive force. Liberally construed, the allegations in Plaintiff's complaint set forth a cognizable Section 1983 claim as to Defendants Solis and Rodriguez pursuant to the Fourth Amendment for the alleged use of excessive force.

**D.     Defendant Rodriguez and Solis are the Only Defendants Plaintiff Named**

Plaintiff captions the complaint as "Michael Chase Stafford vs. State of California City of Merced County Police Agency Officers: Detective: Rodriguez Detective: Solis." (Doc. 1, p. 1.) As such, Plaintiff's caption is ambiguous as to the named Defendants and whether they include the State of California, the "City of Merced County," and the Defendant Police Detectives Rodriguez and Solis. (Doc. 1, p. 1.)

However, on page 2 of the complaint, Plaintiff enumerates the Defendants in this action as (1) Detective Solis and (2) Detective Rodriguez. Additionally, Plaintiff's complaint only sets forth the actions of Defendants Solis and Rodriguez and alleges no claims against either California or Merced. It is, therefore, apparent that Plaintiff is naming Solis and Rodriguez as the only Defendants in this action and, as such, Defendants the State of California and "City of Merced County" will be stricken from the docket.[2]

## IV.     CONCLUSION AND ORDER

Plaintiff's claim against Defendants Solis and Rodriguez for alleged excessive use of force is cognizable and appropriate for service by the U.S. Marshal.

///

///

---

[2] This conclusion is supported by the fact that Plaintiff filed a duplicative complaint in *Stafford v. State of California, et al.*, case no. 1:13-cv-00461-AWI-BAM. The Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims against Defendants Rodriguez and Solis, and noted that the State of California and the "City of Merced County" were not viable Defendants. (Doc. 4.) Plaintiff filed a first amended complaint that names only Detectives Solis and Rodriguez as Defendants. (Doc. 5.) As case no. 1:13-cv-00461-AWI-BAM is duplicative of this case, and this case was filed first, case no. 1:13-cv-00461-AWI-BAM will be dismissed and this case will proceed.

4

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to send Plaintiff two USM-285 forms, two summonses, an instruction sheet, a notice of submission of documents form, and two copies of the complaint filed on March 11, 2013;

2. Within thirty days from the date of service of this order, Plaintiff is DIRECTED to complete the attached notice of submission of documents and to submit the completed notice to the court with the following documents:

   a. The completed summonses;

   b. One completed USM-285 form for each defendant listed above;

   c. Two copies of the endorsed complaint filed in this Court; and

3. Service upon Defendants Rodriguez and Solis is appropriate when the service documents are submitted to the Court and forwarded to the United States Marshal. Plaintiff need not attempt service on defendant; and

4. The Clerk of the Court is DIRECTED to strike Defendants State of California and City of Merced County from the docket.

IT IS SO ORDERED.

Dated: **August 6, 2013**       **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE