# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHASE STAFFORD, | Case No. 1:13-cv-00348-LJO-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR "RULES OF COURT"** |
| v. | |
| STATE OF CALIFORNIA, et al., | **ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL** |
| Defendants. | (Doc. 10) |

## I.   INTRODUCTION

Plaintiff Michael Chase Stafford ("Plaintiff"), a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 11, 2013.  (Doc. 1.)  On October 23, 2013, Plaintiff filed a motion requesting the "Rules of the Court" and appointment of counsel. (Doc. 10.)  For the reasons set forth below, Plaintiff's requests are DENIED.

## II.   DISCUSSION

Regarding Plaintiff's request for the "Rules of the Court," the Court does not provide copies of the Local Rules to individual litigants.  However, if Plaintiff's prison law library does not have the latest version of the Local Rules for the United States District Court, Eastern District of California, the law librarian may contact the Clerk of the Court to request a copy.

Regarding Plaintiff's request for the appointment of counsel, Plaintiff states in pertinent part:

| | |
|---|---|
| 1 | Also am I allowed or is there a certain kind of attorney I can look into to be |
| 2 | retained to help me in my case? If so[,] can you refer me to a[n] attorney to seek to help me with my current case[?]  Please inform me of this matter. |

(Doc. 10, p. 1.)

To the extent that Plaintiff is seeking legal advice or a legal referral from the court, "the court cannot provide litigants with legal advice or act as an advocate for any litigant." *Rao v. AmerisourceBergen Corp.*, No. CIV S-08-1527 DAD PS, 2011 WL 1464378, at *1 (E.D. Cal. Apr. 15, 2011).  As such, the Court cannot act as a referral service.

To the extent that Plaintiff is requesting that the Court appoint counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only under exceptional circumstances. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during

litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not.

### III. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a copy of the "Rules of Court" is DENIED; and
2. Plaintiff's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **January 14, 2014**         /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE