# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHASE STAFFORD, | Case No. 1:13-cv-00348-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION** |
| STATE OF CALIFORNIA, et al., | (Doc. 10) |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Michael Chase Stafford ("Plaintiff"), a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 11, 2013. (Doc. 1.) On October 23, 2013, Plaintiff filed a motion to appoint counsel. (Doc. 10.) On January 15, 2014, the Magistrate Judge issued an order denying Plaintiff's motion to appoint counsel. (Doc. 10.) On March 5, 2014, Plaintiff filed a "Motion for Appeal of Denied Counsel," which the Court construes as a motion for reconsideration. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## II. DISCUSSION

**A.    Legal Standard**

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437,

441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision.  *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); see also *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc*., 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn*., 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).  "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec*., 104 F.3d

1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc*., 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd*., 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya*, 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc*., 841 F.2d 918, 925–26 (9th Cir. 1988)).

**B.   Appointment of Counsel is Not Warranted**

As set forth in the Magistrate Judge's January 15, 2014, order, Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only under exceptional circumstances. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970.

Plaintiff has set forth no basis for granting a motion for reconsideration. Plaintiff seeks counsel because he is incarcerated and because of his "lack of ability to understand fully the merits and law of [his] case." (Doc. 19.) Plaintiff also asserts he has no access to the law library at his institution and has limited resources. (Doc. 19.) While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")   The test is whether exceptional

3

circumstances exist, and here, they do not.  Plaintiff has not shown clear error or other meritorious grounds for relief from the January 15, 2014, order denying his request for the appointment of counsel.  The Magistrate Judge did not clearly err in finding that this case does not currently present exceptional circumstances relative to the likelihood of success and the complexity of the factual and legal issues involved.  At this early stage, the Court cannot conclude that Plaintiff is likely to succeed on the merits or that Plaintiff cannot adequately investigate and articulate his claims.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the Magistrate Judge's order denying appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **March 7, 2014**                     **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE