**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL CHASE STAFFORD,<br><br>　　　　　Plaintiff.<br><br>　　v.<br><br>STATE of CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 1:13-cv-00348-LJO-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEAL MEDICAL RECORDS AS MOOT**<br><br>(Doc. 23) |

**INTRODUCTION**

Plaintiff Michael Stafford ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 11, 2013. (Doc. 1.) This action is proceeding against Defendants Rodriguez and Solis (collectively, "Defendants") on Plaintiff's Fourth Amendment claim.[1]  Defendants filed an answer on November 15, 2013, and a scheduling order was issued on January 15, 2014.

On July 14, 2014, Plaintiff filed a Motion to Seal Medical Records in light of an anticipated stipulation to dismiss the action, which was filed July 17, 2014. (Doc. 23.)

---

[1] Neither Detective Rodriguez nor Detective Solis's full names are included in the Complaint or Defendants' Answer.

**DISCUSSION**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 n. 7 (1978). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id.* at 598. Two standards generally govern motions to seal documents in judicial proceedings. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

First, a "compelling reasons" standard applies to most judicial records. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons' standard"); *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135–36 (9th Cir. 2003). To limit the common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotation marks and citations omitted).

Second, a different standard applies to "private materials unearthed during discovery," as such documents are not part of the judicial record. *Id.* at 1180. Rule 26(c) of the Federal Rules of Civil Procedure governs here, providing that a trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Here, neither standard for sealing a judicial record applies to Plaintiff's Motion because the record contains no medical records or information about Plaintiff's mental or psychological condition, other than Plaintiff's general description of injuries he contends he received as a result of Defendants' actions, which provide the basis for Plaintiff's Complaint. (Doc. 1.) Although Plaintiff's Motion requests that, "[his] Full Medical Records and Mental Health Records stay under seal and confidential," (Doc. 23), no such records have been filed as part of this proceeding.[2] The record in this matter consists of Plaintiff's Complaint, Defendants' Answer,

---

[2] To the extent Plaintiff intends through his Motion to seal medical records contained in the Complaint, he has not met his burden of showing compelling reasons for sealing the Complaint because it contains only general descriptions of injuries he allegedly received from Defendants.

Plaintiff's Motion for Counsel, the instant Motion to Seal, a subsequently-filed Notice of Voluntary Dismissal, and Notices of Change of Address. Accordingly, Plaintiff's Motion to Seal is moot.

## CONCLUSION AND ORDER

As no medical records or mental health records have been filed as part of these proceedings, Plaintiff's Motion to Seal Medical Records is hereby DENIED as moot.

IT IS SO ORDERED.

Dated:   **July 21, 2014**                                          **/s/ Sheila K. Oberto**
                                                                                    UNITED STATES MAGISTRATE JUDGE